ALAN S. FUTERFAS
ATTORNEY AT LAW
565 FIFTH AVENUE, 7TH FLOOR
NEW YORK, NEW YORK 10017
(212) 684-8400

ELLEN B. RESNICK

BETTINA SCHEIN
OF COUNSEL

FACSIMILE: (212) 684-5259
asfuterfas@futerfaslaw.com

October 31, 2011

**Via ECF**
Hon. Jed S. Rakoff
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Tishfield v. Faruki et al.* - Dkt. No. 11-CV-6359 (JSR) (KNF)

Dear Judge Rakoff:

This letter is written pursuant to Fed. R. Civ. P. 26(f), Your Honor's Individual Rules of Practice, and the instructions provided on Revised Form D for cases assigned to this Court. The parties have conferred on various matters including discovery. Please note that Howard J. Rosenburg, Esq., of the firm Kopecky, Schumacher & Bleakley, P.C., represents individual defendants Faruki, Barry, Weilert, and Hopkins and entity defendants Neural Markets, LLC (Illinois), Neural Markets, LLC (Delaware), Weilert Investments, LLC, Hopkins and Associates, P.C., Evolution Quantitative 1X Fund, and Evolution Quantitative 1X, LLC. Defendant Keith Hooper is unrepresented.

On August 10, 2011, the Securities and Exchange Commission ("SEC"), Chicago, Illinois office, based upon similar allegations in the matter *sub judice*, brought an action against Belal Faruki and Neural Markets, LLC, with Evolution Quantitative 1X Fund as a relief defendant. That matter is entitled *SEC v. Faruki, et al.* Dkt. No. 11-CV-5406 and is pending before the Honorable Ronald A. Guzman of the United States District Court for the Northern District of Illinois.

There are parties sued in this action that are not also defendants in the SEC action. The SEC has informed the defendants that it plans to file an amended complaint and has agreed that the defendants need not file an answer or otherwise plead until the amended complaint is filed. However, discovery in the SEC matter is proceeding, and to a significant degree overlaps with relevant document and witness discovery in this matter. Discovery in the SEC matter will

include the depositions of some or all of those to be deposed in this case, and the disclosure of many of the same documents. The extent of plaintiff's counsel's participation in the SEC depositions, if at all, has not been resolved.

Counsel for defendants (other than Hooper) intends to file motions to dismiss on November 4, 2011 and at present does not wish to waive any rights to stay discovery in this matter under the Private Securities Litigation Reform Act ("PSLRA"). Our position is that the PSLRA automatic stay provisions do not apply to this case; the attorney for the represented parties respectfully disagrees. Given the parallel SEC action, it appears most efficient for the parties to engage in discovery in both cases simultaneously. In the event that no stay is in place, the parties have agreed to conduct discovery on the dates listed in the attached Revised Form D, Civil Case Management Plan. As noted, defense counsel conditions this agreement on the non-existence of a stay.

Counsel selected the dates in the attached form to be consistent with the Court's direction that the case be ready for trial by April 9, 2012. However, that end date may be difficult to comply with based on trials which counsel for both parties have scheduled for March 2012. Plaintiff's counsel is scheduled to be on trial before the Honorable Richard M. Berman of this Court beginning on March 5, 2012 in a 19 defendant criminal case which is expected to last 6 to 8 weeks. Defense counsel is scheduled to be on trial starting on March 19, 2012.

Finally, counsel have not agreed on whether to request a jury.

Thank you for your attention to these matters.

Respectfully yours,

Alan S. Futerfas

cc: Howard Rosenburg, Esq.
Brian Neville, Esq.
Keith Hooper