UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

MARC TISHFIELD,

Plaintiff,

v. 11 Civ. 6359 JSR

BELAL K. FARUKI, et al.,

Defendants.

------------------------------x

May 21, 2012
5:30 p.m.

Before:

HON. JED S. RAKOFF,

District Judge

APPEARANCES

ALAN SAMUEL FUTERFAS,
Attorney for plaintiff

HOWARD J. ROSENBERG,
JAMES L. KOECKY, (Telephonically)
Attorneys for defendants

(In open court)

(Case called)

THE COURT: Hello. Hello. Hello.

MR. KOPECKY: Hello. This is Jim Kopecky on the call.

THE COURT: This is Judge Rakoff. I am going to ask each person who is on the call to state their name, who they represent, and if they're a party, which party, and spell their name slowly for the record. We have a court reporter here.

We'll start with the people who are present here in court.

MR. FUTERFAS: Good afternoon, your Honor, Alan Futerfas, counsel for plaintiff, and Plaintiff Marc Tishfield.

THE COURT: Mr. Tishfield is here as well.

MR. ROSENBERG: Howard Rosenberg, R 0 S E N B E R G, counsel for defendants, aside from Mr. Hooper.

THE COURT: All right. Now would the people on the phone please identify themselves.

MR. KOPECKY: I guess I start. Jim Kopecky, K 0 P E C K Y, counsel for the defendant.

Mr. faruki: Belal Faruki, defendant.

MR. BERRY: James Berry, B E R R Y.

THE COURT: There is some problem with your communication. We are hearing double on everything. We're going to have to call you back and everyone should hang up. This is, of course, I almost never have these kinds of calls.

I regret I am having this one.

(Pause)

MR. ROSENBERG: Everyone is on the call.

THE COURT: All right. All right. Can you hear me?

A VOICE: Yes.

THE COURT: Let's try again. Each person on the call please identify themselves, spell your name and say whether you are counsel and, if so, for whom. If not, whether you're a party.

MR. KOPECKY: Jim Kopecky, K 0 P E C K Y, attorney for the defendants and movants.

MR. FARUKI: Belal Faruki, F A R U K I, a defendant.

MR. BERRY: James Berry, B E R R Y, defendant.

MR. HOPKINS: Mark Hopkins, H 0 P K I N S, defendant.

THE CLERK: I believe that is everyone, correct?

THE COURT: Is that everyone on the call? Yes, okay.

So we are here on the motion of defense counsel to withdraw, and here's what I have seen so far, and then I'll hear from all counsel.

First I received a whole bunch of stuff that various people say should be under seal or privileged. In my view, 99 percent of it is unprivileged and should not be under seal. But as we go along, if there is anything that should be under seal or privileged, we'll deal with it then. Did someone just join this call.

MR. WYLER: Wyler, Ron Wyler coming in late.

THE COURT: This is Judge Rakoff.

MR. WYLER: Hi, Judge.

THE COURT: What I have been furnished with first and foremost is an indication that after settlement discussions had been going along for some time -- and I should add that the court was being constantly told by all counsel that settlement was close or eminent or well under way or other stuff like that -- Mr. Faruki, allegedly without the knowledge of counsel for his co-defendants, on April 21st, sent an e-mail to Mr. Tishfield, which the only polite thing that one can say about it was that it was highly inflammatory. This seems to have been a precipitating factor, though not the only factor in the motion that's now being made to withdraw.

On the other hand, it appears that notwithstanding that e-mail and a certain further one or more e-mails of similar ilk, that plaintiff and his counsel continued to have settlement discussions. So let me hear first from whoever wishes to be heard for counsel seeking withdrawal.

MR. ROSENBERG: Your Honor, Howard Rosenberg for those on the phone. One thing to note, you may have received plaintiff's counsel's response.

THE COURT: Yes.

MR. ROSENBERG: I don't know if your Honor's aware, but plaintiff's counsel has opposed it, and I was no longer

taking a position on this motion.

THE COURT: I wasn't aware he was no longer taking a position but, in any event, I have considered his opposition.

MR. ROSENBERG: The issue has become not so much the ability to continue settlement discussions since the time of the e-mail, it relates to the relationship between counsel and the defendants and the deterioration of that relationship from the time of that e-mail to the present time, and the deterioration of the relationship between the defendants in and of themselves.

THE COURT: Are you seeking to withdraw from representing all the defendants or just some of them?

MR. ROSENBERG: All of the defendants.

THE COURT: But your quarrel, so to speak, or your deterioration is primarily with Mr. Faruki, yes?

MR. ROSENBERG: That's correct.

THE COURT: You feel you cannot continue representing the others because of the potential conflicts?

MR. ROSENBERG: Correct. The other defendants have gone their separate ways, possibly continuing settlement, possibly not, and we're now concerned that the representation of one will precipitate potentially operating to the detriment of another.

THE COURT: So let me ask the defendants who are on the phone whether you have retained separate counsel?

MR. BERRY: This is James Berry.

A VOICE: Yes, I have.

THE COURT: Who is that?

MR. BERRY: His name is Justin Scher, and he has spoken with Howard.

THE COURT: Is he prepared to enter a notice of appearance in this case?

MR. BERRY: We're very, very close to settlement terms.

THE COURT: That is not my issue. Just so you're all aware, so you understand where the court stands, regardless of how this motion is resolved, I am not willing to put this case on further hold for more than two weeks.

Two weeks from today if this case is not settled finally with a full notice of dismissal being filed, we will move forward whether you're represented by counsel or not, and that will not change under any set of circumstances whatsoever.

I see someone else has just entered the courtroom. Would you identify yourself, please.

MR. NEVILLE: Good afternoon. I apologize. Brian Neville. I am local counsel.

THE COURT: Mr. Neville, thank you for being here.

THE COURT: So with respect to the -- Mr. Berry, if you settle the case, that is fine. If you don't settle the case, in two weeks you will either have to have that counsel

enter a notice of appearance or you will have to continue with this case representing yourself pro se, as they say, but this case is not going to remain on hold beyond another two weeks.

What about the other defendants?

MR. WYLER: Judge, I do not have counsel, and similar to Mr. Berry, yeah, we've reached with the plaintiff a settlement, and I understand what you just said about Mr. Berry and his pending attorney.

THE COURT: All right. Very good. Obviously, I am hopeful everyone reaches a settlement in two weeks and I don't have to take further action.

What about who else is on the phone as a defendant other than Mr. Faruki?

MR. HOPKINS: Mark Hopkins. No, I have not retained new counsel.

THE COURT: You understand, though, what I just said?

MR. HOPKINS: I do.

THE COURT: Very good. Mr. Faruki, what about you?

MR. FARUKI: No, your Honor, I have not retained counsel.

THE COURT: All right. So you again understand, though, what I just said?

MR. FARUKI: I do, your Honor.

THE COURT: All right. So is it the desire of the defendants -- and I'll hear from you individually -- to agree

to Mr. Rosenberg's being relieved or not?

Mr. Berry?

MR. BERRY: I would prefer he stayed on to finish the settlement with the individuals, but as I said, I have separate counsel now.

THE COURT: Mr. Hopkins?

MR. HOPKINS: I also, your Honor, would prefer that Mr. Rosenberg's firm remain on board and representing all defendants in this matter. It will be very difficult to find an attorney not only for myself who will willing to acclimate themselves given the restriction you're placing on gaining any more time.

Even if I could afford to retain them, absolutely I'm opposed to their motion to withdraw in light of that.

THE COURT: Mr. Wyler?

MR. WYLER: My comment is very similar to Mr. Berry's.

I would prefer Howard, Mr. Rosenberg, helping in finalizing the agreement that plaintiff's counsel and he, I think, have already talked about.

THE COURT: And Mr. Faruki?

MR. FARUKI: Your Honor, my comments are the same as Mr. Hopkins. I am having a challenge finding an attorney that is willing to take on the case, and given the amount of information in this case, finding one that can come in two months let alone two weeks.

THE COURT: Mr. Faruki, it is hard for me to escape the inference that a lot of this deterioration is due to your intemperate language, and if I am going to keep Mr. Rosenberg on, which if I do at all, it will be only for a period of two weeks, and you as well as the co-defendants have to work with him in a professional, civilized, appropriate, low-keyed manner. Do you understand?

MR. FARUKI: I do understand, your Honor.

THE COURT: Mr. Rosenberg, I am inclined to keep you on for two weeks since you do have all of this knowledge, since the defendants are dependent to some extent on your knowledge of the situation, of the legalities involved, but I think it would be unfair to you and to all concerned to keep you on for the duration. I am inclined to keep you on for a period of two weeks, in the hopes with a fresh start on everyone's behalf, this can be brought to a successful settlement.

Do you oppose that?

MR. ROSENBERG: I do, your Honor. If I may, I think that the crux of the issue is the settlements are not unified settlements at this point. Mr. Wyler is negotiating a settlement, Mr. Berry is negotiating his own settlement, and Mr. Hopkins and Mr. Faruki are not part of those settlement negotiations. Our concern is that bringing a settlement, a Wyler settlement or Berry settlement to fruition may have an adverse effect on any of the others.

THE COURT: Yes, but you see they all know that and they have requested you to stay on anyway, so they have waived that conflict. Indeed, my understanding is from what plaintiff's counsel brought to my attention is that there were potential conflicts from day one, but that the defendants were willing to waive those.

So these are all intelligent gentlemen, they understand the situation, but I will put it to them expressly, just so we have a record, so what I am proposing, gentlemen, is that Mr. Rosenberg continue as counsel only for two weeks, after which he will automatically be relieved by order of the court, that during those two weeks he do his best to be available to you to help you in the settlement negotiations, but that he does so with your consent, recognizing that your own individual interests are not necessarily consistent with each other, and so you will be getting his assistance, but he cannot be in the position of being accused of favoring one side or another, one defendant or another, any such objections are completely waived.

So, Mr. Berry, is that agreeable to you?

MR. BERRY: Yes, it is.

THE COURT: Mr. Hopkins, is that agreeable to you?

MR. HOPKINS: Yes, it is.

THE COURT: Mr. Wyler, is that agreeable to you?

MR. WYLER: Yes, it is.

THE COURT: Mr. Faruki, is that agreeable to you?

MR. FARUKI: Yes, your Honor.

THE COURT: All right. Very good. So that is the order of the court.

MR. ROSENBERG: One thing, your Honor, there are also other attorneys of record, Mr. Kopecky, Ms. Connor, Mr. Neville and Mr. --

THE COURT: They're covered by the same order. All right, Gentlemen, Bye-bye.

(Court adjourned)